1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

                        ----oo0oo----

11

12   CEDRIC V. PETERSON,
                                      NO. CIV S-05-0423 FCD/KJM
13            Plaintiff,

14       v.                           MEMORANDUM AND ORDER

15   JP MORGAN CHASE BANK, et al.,

16            Defendants.

17                      ----oo0oo----

18       This matter is before the court on defendants' motion to

19   dismiss plaintiff's complaint, pursuant to Federal Rules of Civil

20   Procedure 12(b)(6) for failure to state a claim upon which relief

21   may be granted.[1]  Specifically, defendants assert that

22   plaintiff's first, second, and eighth claims for relief for

23   wrongful foreclosure, breach of contract, and injunctive relief,

24   respectively, are barred by the doctrines of res judicata and

25   collateral estoppel.  Furthermore, defendants contend that

26   plaintiff's claims of statutory violations of the federal Truth

27   ────────────

28          [1]   Because oral argument will not be of material
     assistance, the court orders the matter submitted on the briefs.
     E.D. Cal. L.R. 78-230(h).

1  in Lending Act ("TILA"), the federal Fair Debt Collection

2  Practices Act ("FDCPA"), the California Consumer Legal Remedies

3  Act ("CLRA"), and the California Rosenthal Fair Debt Collection

4  Practices Act ("RFDCPA") are barred by the statute of limitations

5  and/or have no substantive merit.  Finally, defendants assert

6  that plaintiff has failed to state a claim against them for

7  violation of the California Real Estate Settlement Procedures Act

8  ("RESPA").

9                          **BACKGROUND**

10      Plaintiff, Cedric V. Peterson ("Peterson"), alleges that on

11  or about August 28, 2001, he executed a promissory note ("Note")

12  secured by a deed of trust ("Deed") to New Century Mortgage

13  Corporation ("New Century").  (Compl., filed March 2, 2005, at 4-

14  5).  The Note and Deed covered real property located at 8675 Elm

15  Avenue, Orangevale, California, 95662, which was Peterson's

16  residence.  (Id.).  The Deed was recorded with the County

17  Recorder of Sacramento County on September 5, 2001.  (Id.; Deed

18  of Trust, Ex. A to Defs.' Req. for Judicial Notice ["RJN"]).

19      On or about September 10, 2001, the Deed was assigned to JP

20  Morgan Chase Bank ("JP Morgan"), as trustee, under a pooling and

21  servicing agreement dated June 1, 2002, among Credit-Based Asset

22  Servicing and Securitization LLC, Salomon Brothers Mortgage

23  Securities VII, Inc., Litton Loan Servicing LP and JP Morgan

24  Chase Bank, Salomon Mortgage Loan Trust, C-BASS Mortgage Loan

25  Asset-Backed Certificates, and Series 2002-CB3, without recourse.

26  (Corp. Assignment of Deed of Trust, Ex. B to RJN).  Thus, JP

27  Morgan, as trustee, became the beneficiary of the Deed.  (Id.).

28

                                2

On February 15, 2002, Litton Loan Servicing LP ("Litton") was appointed loan servicing agent for JP Morgan as trustee. (Mot. to Dismiss, filed July 29, 2005, at 4).  On August 30, 2002, Litton instructed Quality Loan Service Corporation ("Quality Loan"), as trustee, to commence non-judicial foreclosure proceedings on Peterson's property by recording and serving a Notice of Default.  (Compl. at 4; Notice of Default, Ex. C to RJN).  Peterson failed to cure the default and thus a Notice of Sale was recorded on December 5, 2002.  (Notice of Sale, Ex. D to RJN).

On April 10, 2003, Quality Loan conducted a foreclosure sale and sold Peterson's property to defendant JP Morgan to satisfy the debt.  (Compl. at 4; Trustee's Deed Upon Sale, Ex. E to RJN).

On May 11, 2003, Peterson and his wife filed a state court complaint in the Sacramento County Superior Court against JP Morgan, *et. al.* ("defendants") to set aside the trustee sale, quiet title, cancel trustee's deed, accounting, fraud, and injunctive relief.  (State Compl., Ex. F to RJN).  On October 5, 2004, the Sacramento County Superior Court granted defendants' motion for summary judgment as to all claims and entered judgment in favor of defendants.  (Tentative Ruling, Ex. G to Defs. RJN).  Subsequently, the court entered a Judgment and Amended Judgment awarding attorneys' fees and costs to defendants.  (Ex. H to RJN).

On April 29, 2005, plaintiff and his wife appealed the decision of the superior court.  The appellate court granted defendants' motion to dismiss the appeal on July 27, 2005.  (Appellate Dismissal, filed July 7, 2005, Ex. I to RJN).

3

1    On March 2, 2005, before appealing the state action,

2  Peterson filed an action in this court against defendants,

3  alleging breach of contract, wrongful foreclosure, injunctive

4  relief, and violations of TILA, RESPA, FDCPA, RFDCPA, and CLRA.

5    Defendants now move to dismiss the instant action under Rule

6  12(b)(6) on the grounds that Peterson's claims are either barred

7  by res judicata or collateral estoppel, barred on statute of

8  limitations grounds, or fail to state a viable claim.  (Mot. to

9  Dismiss at 6-12).

10                          **STANDARD**

11    On a motion to dismiss, the allegations of the complaint

12  must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322

13  (1972).  The court is bound to give the plaintiff the benefit of

14  every reasonable inference to be drawn from the "well-pleaded"

15  allegations of the complaint.  Retail Clerks Int'l Ass'n v.

16  Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

17  need not necessarily plead a particular fact if that fact is a

18  reasonable inference from facts properly alleged.  See id.

19    Given that the complaint is construed favorably to the

20  pleader, the court may not dismiss the complaint for failure to

21  state a claim unless it appears beyond a doubt that the plaintiff

22  can prove no set of facts in support of the claim which would

23  entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45

24  (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th

25  Cir. 1986).

26    Nevertheless, it is inappropriate to assume that the

27  plaintiff "can prove facts which it has not alleged or that the

28  defendants have violated the . . . laws in ways that have not

4

1  been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal.</u>

2  <u>State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Moreover,

3  the court "need not assume the truth of legal conclusions cast in

4  the form of factual allegations." <u>United States ex rel. Chunie</u>

5  <u>v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

6  In ruling upon a motion to dismiss, the court may consider

7  only the complaint, any exhibits thereto, and matters which may

8  be judicially noticed pursuant to Federal Rule of Evidence 201.

9  <u>See</u> <u>Mir v. Little Co. Of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir.

10  1988); <u>Isuzu Motors Ltd. v. Consumers Union of United States,</u>

11  <u>Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

12  **ANALYSIS**

13  **I.   Claims for Breach of Contract, Wrongful Foreclosure, and**

14  **Injunction**

15  In his first, second, and eighth claims for relief against

16  defendants, plaintiff alleges breach of contract, wrongful

17  foreclosure, and entitlement to injunctive relief.  These claims

18  cannot stand, however, because they are barred by the doctrines

19  of res judicata and/or collateral estoppel.

20  **A.   Res Judicata and Collateral Estoppel**

21  The Full Faith and Credit Act, 28 U.S.C.§ 1738 ("FFCA"),

22  does not allow federal courts to employ their own rules of res

23  judicata in determining the effect of state court judgments.

24  Rather, FFCA requires federal courts to apply rules chosen by the

25  state from which judgment is taken.  <u>Parsons Steel, Inc. v. First</u>

26  <u>Alabama Bank</u>, 474 U.S. 518, 523 (1986).  A federal court must

27  give to a state-court judgment the same preclusive effect as

28  would be given that judgment under the law of the state in which

the judgment was rendered, absent a federal law modifying the operation of FFCA.  <u>Migra v. Warren City School Dist. Bd. of Ed.</u>, 465 U.S. 75, 81 (1984).

Under California law, res judicata describes the preclusive effect of a final judgment on the merits.  <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 896 (2002).  Res judicata has a "double aspect."  <u>Todhunter v. Smith</u>, 219 Cal. 690, 695 (1934). "In its primary aspect," commonly known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action."  <u>Clark v. Lesher</u>, 46 Cal. 2d 874, 880 (1956).  "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment . . . 'operates' in a second suit . . . based on a different cause of action . . . 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'"  <u>Id.</u> (citing <u>Todhunter</u>, 219 Cal. at 695).  The prerequisite elements for applying res judicata to either an entire claim or one or more issues are the same:  (1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding, (2) the prior proceeding resulted in a final judgment on the merits, and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.  <u>People v. Barragan</u>, 32 Cal. 4th 236, 252-53 (2004) (citing <u>Brinton v. Bankers Pension Services, Inc.</u>, 76 Cal. App. 4th 550, 556 (1999)).

6

## 1.   Identical claim adjudicated in prior proceeding

A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action. Busick v. Workmen's Comp. Appeals Bd., 7 Cal. 3d 967, 973 (1972). "For purposes of identifying a cause of action under res judicata, 'California has consistently applied the primary rights theory under which the invasion of one primary right gives rise to a single cause of action.'" Branson v. Sun-Diamond Growers, 24 Cal. App. 4th 327, 340 (1994) (citing Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975)). A "cause of action is based on the harm suffered, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Branson, 24 Cal. App. 4th at 340-41. Thus, two actions constitute a single cause of action if they both affect the same primary right. Gamble v. General Foods Corp., 229 Cal. App. 3d 893, 898 (1991).

In his state court complaint, plaintiff's asserted primary right was the right to title of his property for his use and enjoyment.[2] (See generally State Compl., Ex. F to RJN). The alleged injury was the wrongful and invalid foreclosure of his property by defendants. (Id.). The causes of action plead in the state court complaint were:  to set aside trustee sale, quiet title, cancel trustee's deed, accounting, and injunctive relief. (Id.).

---

[2]   Peterson and his wife were both plaintiffs in the state court action.  For simplicity and consistency, this order refers to one plaintiff in that action.

1    The state trial court granted summary adjudication as to all

2  causes of action.  (Tentative Ruling, Ex. G to RJN, at 1).   In

3  particular, with respect to the causes of action to set aside the

4  trustee sale and quiet title, the trial court found that

5  defendants met their burden of proof as to a revised forbearance

6  agreement between plaintiff and Litton, and plaintiff's

7  subsequent failure to comply with the terms of that agreement.

8  (Id.).  As to the cause of action for an accounting, the court

9  stated that defendant Litton, the loan servicing agent at the

10  time, confirmed receipt of plaintiff's January and February 2003

11  payments despite plaintiff's contention that Litton had not

12  confirmed receipt.  (Id.).  Finally, as to the causes of action

13  for fraud, to quiet title, and for injunctive relief, the court

14  found that no triable issues of material fact remained, requiring

15  award of summary judgment in defendants' favor.  (Id.).

16    In the present case, plaintiff alleges, inter alia, breach

17  of contract by defendants.  Specifically, plaintiff claims that

18  "defendant[s] . . . failed to acknowledge receipt of funds

19  tendered by plaintiff in payment on the note . . . pursuant to

20  the terms of one or more forbearance agreements."  (Compl. at 4).

21  This allegation mirrors plaintiff's state court allegation.

22  (State Compl., Ex. F to RJN, at 6) (alleging defendants violated

23  terms of Note and Deed and such violations were a material

24  breach).  The state court adjudicated the issue of whether

25  defendants failed to comply with the terms of the

26  contract/agreement and determined the issue in favor of

27  defendants, finding "no disputed material facts remain[ed]."

28  (Tentative Ruling, Ex. G to RJN, at 1).  Thus, res judicata

applies to plaintiff's instant breach of contract claim.

Furthermore, plaintiff alleges herein wrongful foreclosure and asks for injunctive relief thereto.  Again, these claims mirror plaintiff's state court allegations.  (State Compl., Ex. F to RJN, at 5-12, 22) (alleging numerous invalid foreclosure proceedings and asking court to restrain all action inconsistent with plaintiff's title and right to possession of property).  The trial court determined that the foreclosure sale was valid and thus denied plaintiff injunctive relief.  (Tentative Ruling, Ex. G to RJN, at 1-2).  Under res judicata principles, plaintiff cannot now relitigate those issues.[3]

### 2.   Final adjudication on the merits

To have the conclusive effect of res judicata, an adjudication must be a judgment or final order in an action before a court or judge having jurisdiction to pronounce the judgment or order.  Cal. Code Civ. Proc. § 1908(a).  If a judgment is still open to direct attack by appeal or otherwise, it is not final and res judicata does not apply.  Nat'l Union Fire Ins. Co. v. Stites Prof. Law Corp., 235 Cal. App. 3d 1718, 1726 (1991).  Plaintiff has already pursued, and has been denied, an appeal of the state trial court's award of summary adjudication.  Thus, res judicata may be applied in this case.

---

[3]    Additionally, it is noteworthy that California case law provides that a judgment adjudicating the title or interest of parties in property within California is conclusive as to what is determined at the time of its rendition.  See generally In re Estate of Clark, 190 Cal. 354 (1923); Gerlach v. Copeland, 212 Cal. 758 (1931).  Thus, once the right to possession of real property is adjudicated, it cannot be relitigated between the parties.  See generally Bank of America Nat'l Trust & Sav. Ass'n v. McLaughlin, 22 Cal. App. 2d 411 (1937); Bracey v. Gray, 65 Cal. App. 2d 282 (1944).

1
### 3.   Parties to the prior proceeding

2       The parties do not dispute that plaintiff's federal

3  complaint names the same defendants as in the state court action.

4       For the foregoing reasons, this court finds that plaintiff's

5  claims for relief for breach of contract, wrongful foreclosure,

6  and an injunction are barred by the doctrine of res judicata.

7  Therefore, defendants' motion to dismiss plaintiff's first,

8  second, and eighth claims for relief is GRANTED with prejudice.[4]

9  **II.  Claims for Violations of TILA, RESPA, RFDCPA, and CLRA**

10       In his third, fourth, sixth, and seventh claims for relief,

11  plaintiff alleges defendants violated TILA, RESPA, RFDCPA, and

12  CLRA.  Defendants assert, <u>inter alia</u>, that the TILA, RFDCPA, and

13  CLRA claims are barred by the statute of limitations.[5]

14       The statute of limitations for TILA is one-year from the

15  date the violation occurs.  15 U.S.C. § 1640(e); 12 U.S.C. §

16  2614.  There is some debate as to whether the TILA statute of

17  limitations commences on the date the credit contract is

18  executed, or at the time plaintiff discovered, or should have

19  discovered the acts constituting the violation.  <u>Meyer v.</u>

20  <u>Ameriquest Mort. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003); <u>Katz v.</u>

21  <u>Bank of Cal.</u>, 640 F.2d 1024, 1025 (9th Cir. 1981).  Here,

22  plaintiff entered into a mortgage loan transaction on August 28,

23

24       [4]   Plaintiff's claims of breach of contract, wrongful
25  foreclosure, and an injunction would likewise be barred by the
   doctrine of collateral estoppel; however, that analysis is
26  unnecessary because res judicata principles dispose of
   plaintiff's claims.

27       [5]   While defendants do not specifically raise RESPA,
28  certain RESPA violations have a one-year statute of limitations
   and thus the equitable tolling analysis, below, applies.

2001.  (Compl. at 3).  Plaintiff filed his federal complaint on March 2, 2005, alleging claims surrounding a foreclosure sale occurring April 10, 2003.  Even under the more expansive "discovery" rule, plaintiff's TILA allegations are clearly outside the one-year statute of limitations.[6]

The statute of limitations for RFDCPA is one year from the date of the violation.  Cal. Civ. Code § 1788.30(f).  In his complaint, plaintiff alleges that defendants "threatened to take (and did take) an action prohibited by law, in noticing and conducting the <u>April 10, 2003</u> trustee's sale and prosecution of the subsequent unlawful detainer action."  (Compl. at 12) (emphasis added).  Thus, this claim is outside the applicable statute of limitations.

The statute of limitations for CLRA is three years from the date of the violation.  Cal. Civ. Code § 1783.  In his complaint, plaintiff refers to the misrepresentations of "quality, characteristics, benefits and rights of the services involved in the transaction."  (Compl. at 13).  Plaintiff also refers to the

_____

[6]    Plaintiff invokes 15 U.S.C. section 1640(e) as an alternative statutory timeframe for his TILA claims.  Section 1640(e) states:

> This subsection does not bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action . . . .

As defendants point out, however, this statute is inapplicable to the present action.  (Reply, filed September 1, 2005, at 6).  The statute offers a defense to a *borrower* in a *creditor's* action to collect a debt.  Here, plaintiff is suing defendants, only after satisfaction of a debt by a foreclosure sale, seeking damages for an alleged violation of TILA provisions by defendants.  <u>Id.</u> Therefore, § 1640(e) would not render plaintiff's claim timely.

"misrepresentations by lender . . . in the consumer lending
transaction." (Id.).  The consumer lending transaction at issue
occurred on August 28, 2001.  (Id. at 3).  Thus, this claim is
also outside the applicable statute of limitations.

Regarding RESPA, the statute of limitations is one or three
years from the date of the violation, depending on the
allegations.  12 U.S.C. § 2614.  Plaintiff's first allegation
under RESPA, "that defendant[s] have not fully responded in the
form and manner mandated by law" (Compl. at 9) to his qualified
written requests, appears to fall within the three-year statute
of limitations period.  See 12 U.S.C. § 2614 (stating that
violation under § 2605 of RESPA warrants three-year statute of
limitations); 12 U.S.C. § 2605 (addressing duty of loan servicer
to respond to qualified written requests).  If so, this claim is
not barred by the statute of limitations.  However, plaintiff's
second allegation under RESPA, that defendants "violated RESPA in
the deceptive disclosures regarding the Yield Spread Premium,"
(Compl. at 9) falls under a one-year statute of limitations
period.  See 12 U.S.C. § 2614 (stating that violation under §
2607 of RESPA warrants one-year statute of limitations); 12
U.S.C. § 2607 (eliminating payment of unearned fees in connection
with settlement services provided in federally related mortgage
transactions).  Plaintiff concedes this second allegation is
outside the applicable statute of limitations, but argues it is
"nonetheless indicative of . . . defendant's bad faith." (Compl.
at 9).

1    Plaintiff responds that his TILA, RFDCPA, and CLRA claims[7]

2    have been equitably tolled during the pendency of the underlying

3    state court proceedings.  Under California law, the plaintiff has

4    the burden of establishing entitlement to equitable tolling.

5    Elshirbiny v. Hewlett Packard Co., 2001 U.S. Dist. LEXIS 7087, at

6    *13 (D. Cal. 2001); see also Hinton v. Pacific Enterprises, 5

7    F.3d 391, 395 (9th Cir. 1993).  The plaintiff must satisfy these

8    factors:   timely notice to the defendants in filing the first

9    claim, lack of prejudice to the defendants in gathering evidence

10   for the second claim, and good faith and reasonable conduct in

11   filing the second claim.  Cervantes v. City of San Diego, et.

12   al., 5 F.3d 1273, 1275 (9th Cir. 1993); see Donoghue v. Orange

13   County, 848 F.2d 926, 931 (9th Cir. 1987).

14   The Ninth Circuit has recognized that "California's fact-

15   intensive test for equitable tolling is more appropriately

16   applied at the summary judgment or trial stage of litigation."

17   Cervantes, 5 F.3d at 1276.  "At a minimum, determining the

18   applicability of equitable tolling necessitates resort to the

19   specific circumstances of the prior claim:  parties involved,

20   issues raised, evidence considered and discovery conducted."  Id.

21   "Thus, the question ordinarily requires reference to matters

22   outside the pleadings, and is generally not amenable to

23   resolution on a Rule 12(b)(6) motion, where review is limited to

24   the complaint alone."  Id.

25

26

27        [7]   Plaintiff does not specifically invoke equitable
     tolling for RESPA, however, as set forth above, the equitable
28   tolling analysis also applies to RESPA.

The sole issue then to consider for this motion becomes "whether the complaint, liberally construed in light of [ ] notice pleading [ ], adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." Id. In light of this query, the Ninth Circuit has held that "an allegation of the continued pendency of prior actions suffices to overcome a motion to dismiss." Id.; see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1200 (9th Cir. 1988) ("[W]e conclude the dismissal of the complaint was improper as a matter of law because the face of the complaint invoked state and federal equitable tolling doctrines as it alleged the pendency of two prior actions.").

Here, plaintiff's complaint contains references, albeit cursory, to "the currently pending Superior Court action for unlawful detainer" and the "action in the unlawful detainer proceeding in the Superior Court of Sacramento County." (Compl. at 13). Because this court must construe plaintiff's complaint liberally, plaintiff has alleged, at least, the *potential* for equitable tolling. Therefore, the court cannot find, at this juncture, that his claims are barred by the applicable statutes of limitations.

**III. Substantive Merits of Claims Under TILA, RESPA, RFDCPA, CLRA, and FDCPA**

**A.   TILA**

Defendants assert that the TILA claim should be dismissed because they are statutorily exempt from its provisions as *assignees* of mortgage loans rather than *creditors*. To support

14

their assertion, defendants point to the definition of "creditor"
as defined in section 1602 of TILA:

> [A] person who both (1) regularly extends, whether
> in connection with loans, sales of property or
> services or otherwise, consumer credit which is
> payable by agreement in more than four installments
> or for which the payment of a finance charge is
> or may be required, and (2) is the person to whom
> the debt arising from the consumer credit trans-
> action is initially payable on the face of the
> evidence of indebtedness or, if there is no such
> evidence of indebtedness, by agreement.

Defendants claim that New Century, as the original lender, is the
"person to whom the debt [was] initially payable."  Thus, because
JP Morgan became the trustee by virtue of an assignment from New
Century, it is not a "creditor" under TILA.

Defendants further rely on <u>Bescos v. Bank of America</u>, 105
Cal. App. 4th 378 (2003), contending that in <u>Bescos</u>, the court
held that assignees of mortgage loans and their agents are
*expressly* excluded from TILA.  However, <u>Bescos</u> does not so hold.
Instead, the <u>Bescos</u> court states that the 1980 amendment to
TILA's definition of creditor "will eliminate confusion under the
current act as to the responsibilities of assignees and
'arrangers of credit.'"  <u>Id.</u> at 389.  This is not an express
finding absolving assignees of mortgages from statutory
liability.

Moreover, 15 U.S.C. § 1641(a) specifically states that an
action brought under TILA "against a creditor may be maintained
against any assignee of such creditor [ ] if the violation . . .
is apparent on the face of the disclosure statement, except where
the assignment was involuntary."  Plaintiff's complaint alleges
numerous disclosure violations on the part of defendants.

15

(Compl. at 5-9).  For these reasons, plaintiff has alleged

sufficient facts to state a claim against defendants for

violations of TILA.  Thus, defendants' motion to dismiss

plaintiff's TILA claim is DENIED.

**B.   RESPA**

Plaintiff alleges that defendants violated RESPA by failing

to "fully respond[] in the form and manner mandated by law."

(Compl. at 9).  Plaintiff further claims that defendants violated

RESPA "in the deceptive disclosures regarding the Yield Spread

Premium."  (Id.)  As described above, as to this latter

allegation, plaintiff has demonstrated the potential for

equitable tolling.[8]

In support of dismissal of the RESPA claim, defendants argue

that they fulfilled their statutory duties under RESPA by

*responding* to plaintiff's written request.  (Mot. to Dismiss at

11).  Plaintiff's claim, however, is not based on a failure to

respond but rather the substantive inadequacy of the response.

Such allegations challenging the substance of defendants'

response under the statute sufficiently state a claim against

defendants for violation of RESPA.  Thus, defendants' motion to

dismiss plaintiff's RESPA claim is DENIED.[9]

---

[8]   Equitable tolling is not necessary to the first
allegation under RESPA because the applicable statute of
limitations is three years.

[9]   Defendants do not address plaintiff's allegations of
deceptive disclosures concerning the Yield Spread Premium.  These
allegations also sufficiently state a claim against defendants
for violation of RESPA.

1    **C.    RFDCPA**

2        Plaintiff alleges defendants violated the RFDCPA by taking

3    "an action prohibited by law, in noticing and conducting the

4    April 10, 2003 trustee's sale and prosecution of the subsequent

5    unlawful detainer action." (Compl. at 12).  For the same reasons

6    as set forth above, regarding plaintiff's claims for breach of

7    contract, wrongful foreclosure, and injunctive relief, this claim

8    is barred by res judicata in that the state court found the

9    foreclosure sale valid.  Plaintiff contends, nonetheless, that

10   defendants' violations of the RFDCPA "are not limited" to the

11   above-mentioned violation.  (<u>Id.</u>).  Yet, plaintiff fails to

12   allege any other specific facts upon which he can base his RFDCPA

13   claim.  (<u>Id.</u>).

14       As such, plaintiff has failed to adequately state a RFDCPA

15   claim, and defendants' motion to dismiss must be granted.

16   However, because Rule 15(a) of the Federal Rules of Civil

17   Procedure provides that leave to amend shall be freely given when

18   justice so requires, the court will allow plaintiff to amend his

19   complaint to allege the other purported violations of RFDCPA.

20   **D.    CLRA**

21       Plaintiff alleges that defendants violated the CLRA by

22   "misrepresenting the quality, characteristics, benefits and

23   rights of the services involved in the transaction." (Compl. at

24   12).  Defendants set forth a number of arguments in response

25   (although inconclusive), to demonstrate that they and plaintiff

26   fall outside the CLRA's purview.

27       First, defendants argue that the statute expressly exempts

28   from its reach "any transaction which provides for the sale of an

17

1  entire residence . . . or for the sale of a lot or parcel."

2  (Mot. to Dismiss at 12); Cal. Civ. Code § 1754.  As this is a

3  loan for residential real property, defendants seem to imply that

4  they are thus statutorily exempted.  (Mot. to Dismiss at 12).

5       Second, in response to plaintiff's claim that the loan at

6  issue is for a refinance, defendants assert that the CLRA's

7  provisions "are not applicable to the facts of the instant case

8  whether the [ ] loan is . . . a purchase money loan or a

9  refinance."  (Mot. to Dismiss at 8).  In support of this

10 assertion, defendants point to the statutory definition of

11 "consumer" to apparently imply that plaintiff is not a "consumer"

12 as defined in CLRA.  (Reply at 8).  "Consumer," as statutorily

13 defined, is "an individual who seeks or acquires, by purchase or

14 lease, any goods or services for personal, family, or household

15 purposes."  Cal. Civ. Code § 1761(d).  Thus, according to

16 defendants, because plaintiff is not a "consumer," this section

17 is inapplicable.

18      Lastly, defendants cite California Civil Code section

19 1770(a), which provides that the CLRA applies to "unfair methods

20 of competition and unfair or deceptive acts or practices

21 undertaken by any person in a transaction . . . which results in

22 the sale or lease of goods or services to any consumer."  Again,

23 by this argument, defendants seem to suggest that because the

24 "transaction" at issue falls outside the CLRA and plaintiff is

25 not a "consumer" under the CLRA, they are statutorily exempt.

26      Defendants fail to show decisively, however, that the loan

27 at issue falls outside the definition of a "transaction . . .

28 provid[ing] for the sale of an entire residence . . . or for the

1   sale of a lot or parcel." Cal. Civ. Code § 1754. Moreover,

2   defendants fail to show that they, as loan servicing agents, fall

3   outside the ambit of "services" as defined under the CLRA. The

4   CLRA defines "services" as "work, labor, and services for other

5   than a commercial or business use, including services furnished

6   in connection with the sale or repair of goods." Cal. Civ. Code

7   § 1754. Additionally, the CLRA specifically states that its

8   provisions "shall be liberally construed and applied to promote

9   its underlying purpose . . . to protect consumers against unfair

10  and deceptive business practices . . . and provide efficient and

11  economical procedures to secure such protection." Cal. Civ. Code

12  § 1760.

13       Thus, the court finds that plaintiff has sufficiently stated

14  a claim against defendants under the CLRA for alleged

15  misrepresentations in the consumer lending transaction.

16  Defendants' motion to dismiss the plaintiff's CLRA claim is

17  accordingly DENIED.

18       **E.    FDCPA**

19       Plaintiff alleges defendants violated the FDCPA in their

20  attempts to collect a consumer debt plaintiff owed. Plaintiff's

21  claim cannot stand, however, because defendants do not fall under

22  the purview of the FDCPA.

23       The FDCPA defines a "debt collector" as "any person . . .

24  who regularly collects or attempts to collect, directly or

25  indirectly, debts owed or due or asserted to be owed or due to

26  another." 15 U.S.C. § 1692a(6). The FDCPA further provides that

27  the term "debt collector" does not include "any person collecting

28  or attempting to collect any debt owed or due or asserted to be

owed or due another to the extent such activity . . . concerns a
debt which was not in default at the time it was obtained by such
person." Id. at § 1692a(6)(F); see also Barber v. Natl Bank of
Alaska, 815 P.2d 857, 860-61 (Alaska 1991) (holding that FDCPA's
definition of "debt collector" does not encompass collection of
mortgage debt or mortgage service companies servicing debts that
were not in default when servicing commenced). In Schlosser v.
Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003), the
court stated:

> [F]or purposes of applying the [FDCPA] to a particular
> debt . . . debt collector and creditor are mutually
> exclusive. If the one who acquired the debt continues
> to service it, it is acting much like the original
> creditor that created the debt. On the other hand, if
> it simply acquires the debt for collection, it is
> acting more like a debt collector.

Defendants request that the court take judicial notice of
the Corporation Assignment of Deed of Trust (Ex. B to RJN), and
the court grants said request. This document establishes that on
September 10, 2001, New Century assigned the interest in the
property to JP Morgan, as trustee, under a pooling and servicing
agreement. Subsequently, JP Morgan, as trustee, continued to
service the loan through its agent, Litton. The loan, thus, was
not in default when assigned to defendants.

Accordingly, plaintiff has failed to show that defendants
were "debt collectors" under the FDCPA. For this reason,
defendants' motion to dismiss plaintiff's claim under the FDCPA
is GRANTED.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss as
to plaintiff's claims for violations of TILA, RESPA, and CLRA is

20

1  DENIED.  Defendants' motion to dismiss as to plaintiff's claims

2  for breach of contract, wrongful foreclosure, FDCPA violations,

3  and an injunction is GRANTED with prejudice.  Regarding

4  plaintiff's RFDCPA claim, defendants' motion to dismiss is

5  GRANTED without prejudice; because plaintiff has demonstrated the

6  potential ability to plead sufficient facts under the RFDCPA

7  against defendants, plaintiff is granted fifteen (15) days from

8  the date of this order to file a first amended complaint in

9  accordance with this order.  Defendants are granted thirty (30)

10 days from the date of service of plaintiff's first amended

11 complaint to file a response thereto.

12       IT IS SO ORDERED.

13 DATED: September 23, 2005

14

15 _____ /s/ Frank C. Damrell Jr.
   _____ FRANK C. DAMRELL, Jr.
16 _____ UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28